# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 1:18-cr-10154-DPW-1 |
| v. | ) |
| | ) |
| FRANCIS M. REYNOLDS, | ) |
| Defendant. | ) |

## DEFENDANT FRANCIS M. REYNOLDS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT THREE OF THE SUPERSEDING INDICTMENT

Defendant Francis M. Reynolds respectfully moves the Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3), to dismiss Count Three of the Superseding Indictment, returned by the Grand Jury on February 26, 2019, Dkt. No. 105,[1] for its failure to contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Indictment does not identify the allegedly obstructive conduct committed by Defendant that is charged in Count Three. Accordingly, the Indictment is insufficiently particular and impedes Defendant's ability to prepare a defense. Count Three must be dismissed.

---

[1] All record citations, unless otherwise noted, are to the Superseding Indictment, which is referred to herein simply as the Indictment.

## I. FACTUAL BACKGROUND

The allegations pertinent to this motion are sparse. According to the Indictment,[2] Kenneth Stromsland—an investor in and eventual officer of PixarBio Corporation ("PixarBio"), Defendant's company (*see* ¶ 3)—acted at Defendant's direction in the fall of 2016 to buy and sell PixarBio stock in order to manipulate the stock's trading price. (*See* ¶¶ 28–41.) As part of a Securities and Exchange Commission ("SEC") investigation into the allegedly manipulative trading, Defendant and Stromsland testified multiple times before the agency. (*See* ¶¶ 51, 54, 56.)

On February 15, 2017, Defendant told Stromsland that Defendant had testified to the SEC that he had "no knowledge of Stromsland's purchases of PixarBio shares in the fall of 2016." (¶ 53.) In his testimony to the SEC the following day, Stromsland "denied that he had traded PixarBio shares in an effort to affect the share price." (¶ 54.) A month later, Stromsland "met with [Defendant] to discuss [Defendant's] SEC testimony and, in particular, what questions Stromsland might be asked" in a meeting with the agency the following day. (¶ 55.) At his testimony, Stromsland again denied that he purchased PixarBio shares in order to inflate the stock price. (¶ 56.)

Based solely on these facts, the Government charges, Defendant "corruptly influence[d], obstruct[ed] and impede[d] and endeavor[ed] to influence, obstruct and impede the due and proper administration of the law under which a pending proceeding was being had before . . . the [SEC], by inducing Stromsland to testify falsely before the SEC" in violation of 18 U.S.C. § 1505. (¶ 67 (Count Three).)

---

[2] Defendant vigorously denies the allegations contained in the Indictment. But, solely for purposes of this motion, Defendant sets them forth here as alleged. *See United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015) (on a motion to dismiss, the court must "take the allegations in the indictment as true").

## II.  ARGUMENT

The criminal violation charged in Count Three of the Indictment is without factual basis in the pleadings, violates the Federal Rules of Criminal Procedure and the United States Constitution, and must be dismissed.

The Constitution guarantees a defendant "the right . . . to be informed of the nature and cause of the accusation" against him.  U.S. Const. amend. VI.  "Consistent with these commands, Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment must contain 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'"  *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018) (quoting the Rule).  An indictment satisfies this rule if it outlines "the elements of the crime and the nature of the charge" against the defendant so he "can prepare a defense and plead double jeopardy in any future prosecution for the same offense."  *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011).  Therefore, an indictment is insufficient—and violates Rule 7 and the United States Constitution— if it omits the "general factual scenario on which the charges rest," *United States v. Troy*, 618 F.3d 27, 34–35 (1st Cir. 2010), and fails adequately to "apprise[] the defendant of the charge against which he must defend," *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir. 2012).

Defendant was charged with violating 18 U.S.C. § 1505 by purportedly inducing Stromsland to falsely testify before the SEC.  In order to prove obstruction of justice under § 1505, the Government must establish that the defendant "corruptly" influenced, obstructed, or impeded, or endeavored to influence, obstruct, or impede, the administration of a particular agency proceeding.  *See generally* 18 U.S.C. § 1505; *United States v. Brady*, 168 F.3d 574, 577–79 (1st Cir. 1999) (discussing 18 U.S.C. § 1503, which the First Circuit treats as a "sister provision" to § 1505).  There must be a "nexus," or a "relationship in time, causation, or logic," between "the

3

defendant's conduct and [the] administrative proceeding." *Marinello v. United States*, 138 S. Ct. 1101, 1109 (2017) (quoting and comparing *United States v. Aguilar*, 515 U.S. 593, 599 (1995), which concerned § 1503). Absent direct obstruction, a defendant can violate the statute by "endeavoring" to obstruct, which requires "a purpose to obstruct and some step in that direction." *Brady*, 168 F.3d at 578 (discussing § 1503). "[N]either obstruction nor an endeavor to obstruct normally violates the statute unless there is a 'corrupt'"—that is, "improper"—"purpose." *Id.*

Inducing obstruction (let alone obstructing itself), therefore, requires some affirmative, corrupt act to induce conduct that ultimately impedes the administration of justice. For example, in *United States v. Rodriguez*, the court upheld a sentencing enhancement for the defendant based on the defendant's inducement of obstruction of justice.[3] 336 F.3d 67, 69, 72 (1st Cir. 2003). The defendant, who was then incarcerated, allegedly "sought out [a fellow inmate] several times, pressured him to write a (false) account that would put the [defendant] in a favorable light, and obtained [a] letter" which defendant submitted to the court to support his argument for a lenient sentence. *Id.* The Court of Appeals affirmed the district court's "finding that the [defendant] obstructed justice by inducing [the inmate] to write and sign a letter that [the defendant] knew was false." *Id.* at 72. And in *United States v. Clark*, another sentencing appeal, the court upheld the obstruction enhancement where the defendant attempted to "convince his co-defendants" to share a fabricated story with interrogators that defendant expected would result in a reduced sentence. 84 F.3d 506, 509 (1st Cir. 1996) (describing testimony from the "two co-defendants that [defendant] had tried to induce them to lie to the court").

---

[3]  The "obstruction of justice" sentencing guideline is interpreted similarly to §§ 1503 and 1505. *See Brady*, 168 F.3d at 577–78; *United States v. Callipari*, 368 F.3d 22, 42 (1st Cir. 2004), *vacated for other reasons by Callipari v. United States*, 543 U.S. 1098 (2005).

4

Compare the conduct alleged in *Rodriguez* and *Clark* with that alleged here. The exchanges forming the basis of Defendant's obstruction charge can be paraphrased as follows:

> Defendant told Stromsland: "I testified that I did not know that you purchased PixarBio shares."
> Stromsland later testified: "I did not trade PixarBio shares to inflate the stock price."
> Defendant discussed with Stromsland "what questions he might be asked."
> Stromsland later testified, again: "I did not trade PixarBio shares to inflate the stock price."

(*See* ¶¶ 53–56.) In other words, Defendant denied that he knew that Stromsland made certain trades, and Stromsland later admitted to making those trades while discussing his intent. Then Defendant and Stromsland discussed, vaguely, questions Stromsland might expect during his own questioning. Taken together, these allegations do not set forth a factual basis as to how, or even whether, Defendant induced Stromsland to give any false testimony before the SEC.

The Indictment therefore is deficient for at least two reasons. First, the Indictment, although conclusorily stating that Defendant violated the statute, lacks any factual predicate for the charge that Defendant induced Stromsland to obstruct justice. As other courts have found, this runs afoul of Rule 7 and is grounds for dismissal. *See United States v. McGarity*, 669 F.3d 1218, 1240 (11th Cir. 2012) (indictment tracking terms of statute insufficient, without additional factual information, to charge a violation of 18 U.S.C. § 1512(c)). The allegations, for example, do not state what Defendant said or did that induced Stromsland to give purportedly false testimony, omitting an essential element of the charged crime. *Cf., e.g.*, *United States v. Dawlett*, 787 F.2d 771, 773–74, 776 (1st Cir. 1986) (dismissing an indictment because it alleged that defendant attempted to kill a witness which was insufficient to support a charge that defendant *influenced* a witness under § 1512); *United States v. Murphy*, 762 F.2d 1151, 1153–55 (1st Cir. 1985) (dismissing an indictment that failed to identify the specific proceedings in which defendants

allegedly attempted to influence witness testimony). This deficiency results in "inadequate notice" to Defendant of "the nature of [the] charge" against him and merits the charge's dismissal. *See United States v. Hughes*, No. 00-cr-136, 2001 U.S. Dist. LEXIS 1009, at \*7–8 (D.N.H. Jan. 17, 2001).

Second, the vague allegations inhibit Defendant's ability to prepare a defense. Consider *United States v. Tomasetta*, 429 F.2d 978 (1st Cir. 1970). There, the defendant was charged with extorting consumers to extend their credit lines. *Id.* at 979. As with the Indictment here, the allegations were sparse: essentially, the court summarized, the defendant was "accused of making threats by an unstated means to an unnamed person on a particular day in a city of moderate size." *Id.* Given these pleadings, the defendant could not be expected to mount a defense; the lack of specificity, for example, hobbled the defendant's ability to "demonstrate that the conduct which allegedly amounted to the communication of threats never took place, that a communication did take place but conveyed no threat, or that the meaning of an ambiguous communication has been misconstrued by the grand jury." *Id.* at 980. "In sum," the court held, "this defendant could not possibly have made an adequate preparation for trial on the basis of the information contained in this indictment," and the "deficient" indictment was dismissed. *Id.* at 980–81; *see also, e.g.*, *United States v. Goldberg*, 587 F. Supp. 302, 310 (S.D.N.Y. 1984) ("Absent some notice to the defendant of the conduct in issue, the charge is constitutionally infirm and must be dismissed.").

So too should the vague and conclusory charges be dismissed here. The Government essentially alleges that Defendant and another individual discussed, generally, an agency proceeding, and that therefore Defendant induced the individual to give false testimony. The mere fact of a conversation cannot be the predicate of an obstruction charge. (*Compare* ¶¶

57–61, 68–69 (charging Defendant with obstructing justice by "instructing"—not inducing—another investor to fabricate a specific document and falsely testify about pertinent facts).) These allegations, therefore, fail to apprise Defendant of the charges against him. *See Savarese*, 686 F.3d at 6. And without more, Defendant does not know the words he purportedly said or the actions he purportedly took that induced Stromsland's conduct, providing him no basis on which to prepare a defense. *See Tomasetta*, 429 F.2d at 980–81.

Defendant harbors no illusion about the "modest standards" governing the sufficiency of a criminal indictment. *See Stepanets*, 879 F.3d at 372. But the allegations here do not surmount even that low bar. Devoid of any factual basis, the offense charged in Count Three of the Indictment does not set forth "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Accordingly, Count Three must be dismissed.

### III. CONCLUSION

The Indictment alleges that Defendant had conversations with another individual about upcoming agency proceedings and that, therefore, he induced that individual to give false testimony at those proceedings. This is not a sufficient factual predicate for obstruction of justice that apprises Defendant of the charge against him or enables him adequately to prepare a defense. Accordingly, the Indictment violates Federal Rule of Criminal Procedure 7 and the Sixth Amendment to the United States Constitution, and the offense charged in Count Three must be dismissed.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Count Three from the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3).

Dated: May 6, 2019

Respectfully submitted,

*/s/ David L. Axelrod*
David L. Axelrod (admitted *pro hac vice*)
R. Stephen Stigall (admitted *pro hac vice*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
T: 215.665.8500
axelrodd@ballardspahr.com
stigalls@ballardspahr.com

*Attorneys for Defendant Francis M. Reynolds*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2019, a true copy of the above document was served via electronic means using the Court's Electronic Case Filing (ECF) system upon all registered ECF users and a true paper copy was served by first class mail on nonregistered parties.

*/s/ R. Stephen Stigall*
R. Stephen Stigall