UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

FRANCIS M. REYNOLDS,

> Defendant

No. 18-CR-10154-DPW

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Pursuant to Fed. R. Crim. P. 30, the United States hereby submits its requests for jury instructions and proposed verdict form in the above-captioned action, in addition to any instructions the Court customarily provides in criminal cases. The Government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's proposed instructions or developments at trial.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

By:   */s/ Sara Miron Bloom*
SARA MIRON BLOOM
LESLIE A. WRIGHT
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: September 16, 2019

By:   */s/ Sara Miron Bloom*
SARA MIRON BLOOM
Assistant United States Attorney

## TABLE OF CONTENTS

**Proposed Instruction**                                                                          **Page**

1.  The Superseding Indictment in this Case                                        3

2.  Securities Fraud – Statutory Purpose                                             5

3.  Securities Fraud – Introduction                                                      6

4.  Securities Fraud – First Element                                                     8

5.  Securities Fraud – Second Element                                                 12

6.  Willful Blindness As a Means of Establishing Knowing               15

7.  Securities Fraud –  Third Element                                                    16

8.  Aiding and Abetting Liability                                                          17

9.  Obstruction of an Agency Proceeding                                             19

10. Stipulations                                                                                     22

11. Use of Charts and Summaries                                                        23

12. Verdict Form                                                                                   24

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1**

**The Superseding Indictment in This Case**

Now I turn to the Superseding Indictment and the laws on which it is based. An indictment can allege more than one charge against a defendant. When it does, the different charges are stated separately in what we call "counts."

The Superseding Indictment in this case charges one count of securities fraud by soliciting investors with false and misleading claims and manipulating, and/or aiding or causing the manipulation of, the price and trading volume of PixarBio stock, all in violation of sections 78j(b) and 78ff(a) of Title 15 of the United States Code, section 240.10b-5 of Title 17 of the Code of Federal Regulations, and section 2 of Title 18 of the United States Code. The Superseding Indictment further charges three counts of obstruction of an agency proceeding in violation of section 1505 of Title 18 of the United States Code.

**Count One** charges Francis M. Reynolds, also known as "Frank Reynolds," with securities fraud from at least 2015 until at least April 2018.

**Count Two** charges Mr. Reynolds with obstruction of an agency proceeding by, among other things, giving false and misleading testimony in an SEC proceeding and providing a back-dated document to the SEC, between in or about January 2017 through in or about September 2017.

**Count Three** charges Mr. Reynolds with obstruction of an agency proceeding by inducing Kenneth Stromsland to give false and misleading testimony in an SEC proceeding between in or about January 2017 through in or about about May 2017.

**Count Four** charges Mr. Reynolds with obstruction of an agency proceeding by inducing Jay Herod to give false and misleading testimony in an SEC proceeding and provide a back-dated

document to the SEC from in or about January 2017 through in or about February 2017.

This is just an introduction. As I'll explain in a moment, for each count the Government must prove several things, what we call the "elements" of each crime, beyond a reasonable doubt. You must give separate consideration to each of the counts in the Superseding Indictment, and to the elements of each count.

Adapted from: 1A Kevin F. O'Malley et al., *Federal Jury Practice and Instructions,* No. 12.12 (6th ed. 2008); 1 *Modern Federal Jury Instructions - Criminal* 3.01 (2018).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

### Securities Fraud – Statutory Purpose

The defendant is charged with violating certain securities laws. The stock market crash of 1929 led to the enactment of securities laws to protect the investing public in the purchase of stock. The laws provide a comprehensive plan requiring full and fair disclosure of all important facts in connection with a distribution of securities. Such disclosures are designed to enable the investing public to make realistic decisions about the merits of securities. In passing these laws, Congress recognized that the purchase of a stock is different from the purchase of a vegetable bought in the grocery store, because the average investor is not in a position to make a personal investigation to determine the worth, quality, and value of securities. These securities laws require a company wishing to sell its stock to disclose information about the company that would be material to the investment decision of a person interested in buying stock.

Congress enacted these laws to ensure fair dealing and outlaw deceptive and inequitable practices by those selling or buying securities. Among the primary objectives of these laws are the maintenance of fair and honest securities markets and the elimination of manipulative practices that tend to distort the fair and just price of stock. These laws are designed to support an investor's expectation that the securities markets are free from fraud and to prevent a wide variety of devices and schemes that are contrary to a climate of fair dealing. Congress recognized that any deceptive or manipulative practice that influenced or related to trading activity would undermine the function and purpose of a free market.

Adapted from: 3 Sand, *Modern Federal Jury Instructions (Criminal)*, Instruction 57-19 (statutory purpose), *citing Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976); *Superintended Life Insurance v. Bankers Life & Casualty*, 404 U.S. 6 (1971); *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833 (2nd Cir. 1968), *cert denied*, 394 U.S. 976 (1969).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

### Securities Fraud – Introduction

Count One of the Superseding Indictment charges the defendant with securities fraud.

Sections 78j(b) and 78ff of Title 15 of the United States Code provide, in part, that: "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, … any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission] may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Section 240.10b-5 of Title 17 of the Code of Federal Regulations provides: "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange:

> (a) To employ any device, scheme, or artifice to defraud,

> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

6

Accordingly, the Government must prove beyond a reasonable doubt:

*First,*  that in connection with the purchase or sale of a security, here alleged to be the stock of PixarBio, the defendant: (1) employed a device, scheme, or artifice to defraud, or (2) made an untrue statement of material fact, or omitted to state a material fact which made what was said, under the circumstances, misleading, or (3) engaged in an act, practice, or course of business that operated as a fraud or deceit upon a purchaser or seller of that security,

*Second*,  that the defendant acted willfully, knowingly, and with the intent to defraud; and

*Third,*  that the defendant used or caused to be used any means or instruments of transportation or communication in interstate commerce or used the mails or any facility of any national securities exchange in furtherance of the fraudulent conduct.

Discussion of statute and rule adapted from: 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5; L. Sand, *Modern Federal Jury Instructions - Criminal*, Instruction 57-20.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

### Securities Fraud – First Element

The first element the Government must prove beyond a reasonable doubt for the first count of the Superseding Indictment is that, in connection with the purchase or sale of PixarBio stock, Mr. Reynolds did any one or more of the following:

(1)     Employed a device, scheme, or artifice to defraud; or

(2)     Made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3)     Engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the Government to establish all three types of unlawful conduct in connection with the purchase or sale of PixarBio stock. Any one is sufficient for a conviction, if you so find, but you must be unanimous as to which type of conduct the defendant engaged in.

A "device, scheme, or artifice to defraud" refers to a plan to accomplish something involving a fraud. Fraud is a general term embracing all efforts and methods people use to take advantage of others.

The securities law Mr. Reynolds is charged with violating prohibits many kinds of manipulative and deceptive acts involving stock and other securities. When Congress enacted these provisions, it meant to prohibit the full range of ingenious devices that may be used to manipulate securities prices, including certain kinds of behavior that are called market manipulation.

A scheme includes any plan, pattern, or course of action. It is not necessary that the Government prove all of the details alleged in the Superseding Indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding

anyone. But the Government must prove beyond a reasonable doubt that the scheme was substantially as charged in the Superseding Indictment.

Here, the specific "device, scheme, or artifice to defraud" that Mr. Reynolds is charged with committing involves the promotion of investment in PixarBio by making, and causing PixarBio to make, fraudulent, false, and misleading claims about the company, its prospects, its financing, and the background and track record of its chief executive officer, Mr. Reynolds. It also involves causing or aiding and abetting the manipulative trading of PixarBio stock by others in an effort to artificially inflate the share price and trading volume.

A statement, claim, or document is "fraudulent" if it was false when it was made, or if it was made with reckless indifference as to its truth or falsity, and was made or caused to be made with an intent to deceive. A deceitful statement of half-truths or the concealment of material facts may also constitute fraud under the statute, if such omission or concealment was intended to be misleading.

"Market manipulation" refers generally to practices that are intended to mislead investors by artificially affecting market activity. Such schemes strike at the essential purpose of the federal securities laws – the assurance of free and open securities markets in which prices are fixed by the interaction of supply and demand and are not influenced by manipulative activities that would cause prices to be inflated or depressed artificially. It can include conduct, whether done alone or with one or more persons, which causes a series of transactions in any security that creates the actual or apparent active trading in such security or raises or depresses the price of such security. In this case, the Superseding Indictment alleges that Mr. Reynolds caused others to engage in and/or aided and abetted in the manipulative trading of PixarBio shares in an effort to stimulate market interest in the stock and to artificially inflate the share price and/or trading volume.

It is no defense to an overall scheme to defraud that the defendant was not involved in the scheme from its start or played only a minor role, or had no contact with investors in PixarBio stock.  It is sufficient if the defendant engaged in a scheme or fraudulent conduct that involved the purchase or sale of PixarBio stock. By the same token, the Government need not prove that the defendant personally made the misrepresentation, or that he omitted the material fact or himself carried out the manipulative trading. It is sufficient for this element of a scheme to defraud if the Government establishes that the defendant caused the false or fraudulent statement to be made or the materially misleading fact to be omitted or the manipulative trading to occur.

If you find that the Government has established beyond a reasonable doubt that a statement was false or fraudulently omitted, you must next determine whether the fact misstated was material under the circumstances. A material fact is one that would have been significant to a reasonable person's investment decision. An omitted fact is material if there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by a reasonable investor as having significantly altered the "total mix" of information made available. Once you find that there was a material misrepresentation or omission of a material fact, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the law protects the gullible and unsophisticated as well as the experienced investor.

The "in connection with" aspect of this element is satisfied if you find that there was some relation between the allegedly fraudulent conduct and the sale or purchase of securities.  Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

The fraudulent or deceitful conduct alleged need not relate directly to the investment value of the securities involved in this case. Nor must the defendant have personally participated in any

purchase or sale of PixarBio stock, so long as the Government proves that the defendant was engaged in fraudulent conduct that was "in connection with" a purchase or sale of PixarBio stock.

It does not matter whether the alleged unlawful conduct was successful or not, or whether the defendant profited or received any benefits as a result of the alleged scheme. Similarly, the Government is not required to prove that the victim or victims of the fraud were actually defrauded. It is enough to prove that the defendant engaged in such a scheme to defraud.

Success or a benefit is not an element of the crime charged. However, if you find that the defendant did expect to benefit from the alleged scheme, you may consider that in relation to the second element, intent, which I will discuss in a moment.

Adapted from: *Modern Federal Jury Instructions - Criminal*, No. 57-21 at 57–62-63 (2016); *Federal Jury Practice and Instructions*, § 52.13 at 864, § 52.15 at 870, § 16.08 at 585; Torresen, C.J., 2019 *Revisions to Pattern Jury Instructions for the District Courts of the First Circuit*, Nos. 1.28.143 (available at http://www.med.uscourts.gov/pdf/crpjilinks.pdf) (hereinafter "C.J. Torresen Pattern Instructions").

As to market manipulation*:  SEC v. Competitive Technologies, Inc.*, 2005 WL 1719725, *4 (D. Conn., July 21, 2005) (discussing market manipulation techniques); *SEC v. Allison*, 1982 WL 1560, *7 n.7 (D. Or. Jan. 17, 1982) (manipulative activities under §9(a)(2) are also violations of §l0(b)).

Note regarding definition of materiality: The Supreme Court in *TSC Industries v. Northway*, 426 U.S. 438, 449 (1976), addressed materiality as requiring that "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." Although *TSC Industries* involved the application of proxy rules under Rule 14a-9, the same standard applies to actions under Rule 10b-5. *See Crewnick Fund v. Castle*, 1993 WL 88243, 7 (S.D.N.Y. 1993).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

### Securities Fraud – Second Element

The second element the Government must prove beyond a reasonable doubt for the first count of the Superseding Indictment is that Mr. Reynolds participated in the scheme to defraud, that is, the market manipulation and investor solicitation scheme alleged in the Superseding Indictment, knowingly, willfully, and with the intent to defraud.

To act "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed, that is to say, with bad purpose, either to disobey or disregard the law, not to act by ignorance, accident, or mistake.

To act with "intent" or "intentionally" refers to a mental condition or state of mind, that is, the state of mind with which an act is done or failed to be done.

All of these terms concern the defendant's state of mind. Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence. Thus, in deciding whether something is done knowingly, willfully, or intentionally, you may consider the actions of the defendant, by what he said or did, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances. It is entirely up to you, however, to decide what facts are proven by the evidence presented during this trial.

The question whether someone committed an act knowingly, willfully, or intentionally should never be confused with the motive to act. Motive is what prompts a person to act or to fail to act. The concept of motive is different than the concept of knowledge or intent. Intent and knowledge refer only to the state of mind with which the act is done or omitted. The Government is never required to prove motive. For purposes of determining innocence or guilt, therefore, the motive of a defendant is immaterial, except insofar as evidence of motive may aid in the determination of his state of mind or his intent.

Intent to defraud involves the state of a person's mind and the purpose with which he or she acted at the time the acts in question occurred. Direct proof of knowledge or fraudulent intent is almost never available, and you are not required to find that such proof existed. It would be a rare case where it could be shown that the person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence based upon a person's outward manifestation, his words, his conduct, his acts, and all of the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is of no less value than direct evidence.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of securities fraud. It is up to you, the jurors, to decide whether Mr. Reynolds acted in good faith or not. If you decide that he at all relevant times acted in good faith, it is your duty to acquit him – that is because however misleading or deceptive conduct may have been, the law is not violated if the defendant acted in

good faith and held an honest belief that his actions were proper and not in furtherance of an illegal venture. Mr. Reynolds has no burden to establish the defense of good faith, however.

Even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. Even a misleading or untrue statement is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

However, in considering whether or not a defendant acted in good faith, bear in mind that a belief by the defendant that ultimately everything would work out so that no one would lose any money does not require you to find that he acted in good faith. No amount of sincere hope or expectation on the part of a defendant that a business would ultimately grow and prosper and make a profit for investors will excuse fraudulent actions, statements, or omissions, if you find that those occurred.

As a practical matter, then, in order to sustain this charge against the defendant, the Government must establish beyond a reasonable doubt that the defendant knew his conduct was calculated to deceive and nonetheless participated in the alleged fraudulent scheme.

Adapted from: C.J. Torresen Pattern Instructions Nos. 2.15, 2.17. *See also* 3 Sand et al., *Modern Federal Jury Instructions - Criminal*, No. 57-24 (2016).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

### Willful Blindness As A Means of Establishing "Knowing"

The Government may prove that the defendant acted willfully in either of two ways. First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware he was making or causing a false statement to be made. Alternatively, a defendant's willfulness may be established by proof that the defendant was aware of a high probability that the statement was false, unless the facts show that the defendant actually believed the statement to be true.

Willfulness may be found from circumstances that would convince an average, ordinary person. Thus, you may find that the defendant knew that a statement was false if you conclude beyond a reasonable doubt that he made it with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth. That is to say, the defendant willfully made himself blind to the fact in question. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

Adapted from: C.J. Torresen Pattern Instruction No. 2.16.

Adapted from: 3 Sand, *Modern Federal Jury Instructions*, No. 57–25 at 57–94; *First Circuit Pattern Jury Instructions*, 2.14 ("'Willful Blindness' as a Way of Satisfying 'Knowingly'").

Note: In prosecutions for securities fraud under 10b-5 and Section 32, the term "willfully" simply requires the intentional doing of the wrongful acts–no knowledge of the rule or regulation is required. *See United States v. O'Hagan*, 139 F.3d 641, 647 (8th Cir. 1998); *United States v. Charnay*, 537 F.2d 341, 351–52 (9th Cir. 1976); *United States v. Dixon*, 536 F.2d 1388, 1395 (2d Cir. 1976) (Friendly, J.).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

### Securities Fraud – Third Element

The third and final element the Government must prove beyond a reasonable doubt for Count One of the Superseding Indictment is that the defendant knowingly used or caused to be used either any instrumentality of interstate commerce in furtherance of a scheme to defraud.

The term "instrumentalities of interstate commerce" means any number of instruments and devices used in trade, commerce, transportation, or communication among more than one state. Instrumentalities of interstate commerce include the use purely within one state of a telephone, email, or any other instrument used to conduct interstate communications.

The Government need not prove that the defendant was directly or personally involved in using an instrumentality of interstate commerce.  It is enough that you find that he, by his actions, directly or indirectly initiated steps or induced others to initiate steps that resulted in a chain of cause and effect resulting in the use of an instrumentality of interstate commerce or a facility of a national securities exchange. This use could mean something like placing a telephone call or sending an email.   With regard to using instrumentalities of interstate commerce like telephones or email, it is not necessary that whatever was communicated via telephone or email was fraudulent or otherwise criminal or objectionable. The matter communicated may be entirely innocent, as long as it is in furtherance of the scheme to defraud.

The use of any instrumentality of interstate commerce also need not be central to the execution of the scheme. All that is required is that the use of any instrumentality of interstate commerce bears some relation to the object of the scheme or fraudulent conduct.

Adapted from: 3 Sand et al., *Modern Federal Jury Instructions - Criminal*, No. 57-25 (2016).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

### Aiding and Abetting Liability

Count One of the Superseding Indictment charges the defendant with violating Section 2 of Title 18 of United States Code, which states as follows:

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punished as a principal.

Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

To aid and abet means to intentionally help someone else commit a crime. To establish aiding and abetting, the Government must prove beyond a reasonable doubt:

*First,*      that someone else committed the charged crime;

*Second,*      that the defendant consciously shared the other person's knowledge of the charged crime, intended to help him, and took part in the endeavor, seeking to make it succeed;

*Third*,      that the defendant associated himself with the criminal venture knowingly and voluntary; and

*Fourth*,      that the defendant sought by his actions to make the criminal venture succeed.

Simply put, aiding and abetting means to assist the perpetrator of the crime.

The defendant need not perform the charged crime, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere

17

presence at the scene of a charged crime and knowledge that the charged crime is being committed are also not sufficient to establish aiding and abetting. But you may consider these among other factors.

*See* Hornby, J*., 2011 Revisions To Pattern Criminal Jury Instructions For the District Courts Of the First Circuit* (D. Me. Internet Site Ed. Nov. 23, 2011), No. 4.18.02(a).

*United States v. Moye*, 454 F.3d 390, 400–01 (4th Cir. 2006) (en banc).

*United States v. Horton*, 921 F.2d 540, 543 (4th Cir. 1990).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

### Obstruction of an Agency Proceeding

Counts Two through Four of the Superseding Indictment charge the defendant with obstructing and impeding an SEC investigation, in violation of Section 1505 of Title 18 of the United States Code. Specifically:

**Count Two** alleges that from in or about January 2017 through in or about September 2017, Mr. Reynolds did corruptly influence, obstruct, or impede, or endeavor to influence, obstruct, or impede the due and proper administration of the law under which a pending proceeding to investigate manipulative trading and other issues in connection with PixarBio stock was being had before the United States Securities and Exchange Commission, including by repeatedly making false and misleading statements during testimony before the SEC and by providing and causing PixarBio to provide the Back-Dated Agreement to the SEC.

**Count Three** alleges that from in or about January 2017 through in or about May 2017, Mr. Reynolds did corruptly influence, obstruct, or impede, or endeavor to influence, obstruct, or impede the due and proper administration of law under a pending proceeding by the SEC, by inducing Kenneth Stromsland, the Vice President of Investor Relations at PixarBio, to give false and misleading testimony before the SEC.

**Count Four** alleges that from in or about January 2017 through in or about February 2017, Mr. Reynolds did corruptly influence, obstruct, or impede, or endeavor to influence, obstruct, or impede the due and proper administration of the law under which a pending proceeding was being had before the SEC, by inducing Jay Herod, an investor in PixarBio, to give false and misleading testimony before the SEC, and to sign the Back-Dated Agreement and provide it to the SEC.

19

Section 1505 of Title 18 of the United States Code provides, in part, that: "Whoever corruptly, … influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States …" commits an offense against the United States.

For you to find the defendant guilty of a corrupt endeavor to influence a federal agency as alleged in Counts Two through Four, the Government must prove each of the following beyond a reasonable doubt:

*First*,　　　　that there was a proceeding being conducted by any department or agency of the United States;

*Second,*　　　that the defendant knew of the pending proceeding;

*Third,*　　　that the defendant endeavored to influence, obstruct, or impede the proceeding; and

*Fourth*,　　　that the defendant did so corruptly.

A proceeding before a governmental department or agency simply means proceeding in the manner and form prescribed for conducting business before the department or agency, including all steps and stages in such an action from its inception to its conclusion. Here, the proceeding alleged to have been obstructed is an investigation by the United States Securities and Exchange Commission.

"Corruptly" means to act knowingly and dishonestly, with the specific intent to subvert or undermine the integrity of a proceeding. It means nothing more than an intent to obstruct the proceeding. A corrupt intent may be defined as the intent to obtain an improper advantage for oneself or someone else, inconsistent with official duty and the rights of others.

20

As to each of the obstruction counts, you must determine whether Mr. Reynolds willfully and corruptly obstructed or endeavored to obstruct the due and proper administration of the law before a federal agency of the United States. Each of these charges is a separate purported violation. You need not find that the defendant committed all of these alleged violations in order to find that he committed at least one of the violations. You should consider each count of the Superseding Indictment independently.

Adapted from: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* 18 U.S.C. § 1505 (2018 Online Edition) at 426-27, available at http://www.scd.uscourts.gov/pji/PatternJuryInstructions.pdf.

## **GOVERNMENT'S PROPOSED INSTRUCTION NO. 10**

### **Stipulations**

The evidence in this case includes facts the parties have agreed are true, as presented in written "stipulations" that both parties sign. A stipulation means simply that the Government and the defendant agree that a particular fact is true. Since there is no disagreement, there is no need for evidence to be presented apart from the stipulation. You must accept the stipulation as fact, and you can give it whatever weight you choose.

Adapted from: *First Circuit Pattern Jury Instructions,* No. 2.01 (1998).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

### Use of Charts and Summaries

During the trial, charts or summaries prepared by the Government were admitted into evidence and shown to you for the purpose of summarizing and explaining facts contained in other documents.  You may consider the charts and summaries as you would any other evidence admitted during the trial and, like any other evidence, give them whatever weight or importance you feel they deserve.


Adapted from: 1A O'Malley, Grenig, & Hon. Lee, *Federal Jury Practice and Instructions*, No. 14.02 (6th ed. 2008).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                      No. 18-CR-10154-DPW

FRANCIS M. REYNOLDS,

                    Defendant

VERDICT FORM

WE, THE JURY, FIND AS TO **FRANCIS M. REYNOLDS:**

COUNT ONE (Securities Fraud; Aiding and Abetting):  GUILTY _____    NOT GUILTY _____

COUNT TWO (Obstruction of an Agency Proceeding):  GUILTY _____    NOT GUILTY _____

COUNT THREE (Obstruction of an Agency Proceeding): GUILTY _____   NOT GUILTY _____

COUNT FOUR (Obstruction of an Agency Proceeding):   GUILTY _____   NOT GUILTY _____

_____                    _____
DATE                             FOREPERSON'S SIGNATURE