UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-10154-DPW |
| | ) | |
| FRANCIS M. REYNOLDS, | ) | |
| Defendant. | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO RELEASE FUNDS (Docket No. 420)**

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully submits its opposition to the motion of the defendant, Francis M. Reynolds (the "Defendant"), to release funds (Docket No. 420).

The Defendant—and the asset he identifies in this motion—is subject to an asset freeze entered by Judge Young in the civil case, *SEC v. PixarBio Corp., et al*, 18-cv-10797-WGY (Docket No. 23).   Specifically, the court entered a Preliminary Injunction, Asset Freeze, and Order for Other Equitable Relief, which provides in part that:

> any persons or entities that receive actual notice of this Order … holding any funds in the name of or for the benefit of PixarBio or Reynolds … shall continue to hold and maintain such funds or other assets … and shall prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal … and all such funds or other assets are hereby frozen.

*Id.* at p. 9.   Accordingly, any request for relief from the asset freeze should be made in the SEC action.

In addition, as a result of the restitution ordered in the amount of $7,551,757.00—which remains outstanding—the United States has a lien against all property or rights to property of the Defendant up to that amount.   Pursuant to the Mandatory Victim Restitution Act, an order of restitution "is a lien in favor of the United States on all property and rights to property of the

person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). Thus, even if there was not an SEC asset freeze, the United States would still oppose the release of funds to the Defendant when those funds could be applied towards his outstanding restitution obligations.

For these reasons, the Defendant's motion to release funds should be denied.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ *Carol E. Head*
SARA M. BLOOM
LESLIE WRIGHT
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: February 17, 2021